UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MOHAMMED RANA,

                Plaintiff,

– against –

RANI MAHAL FINE INDIAN CUISINE, INC. and
ABDUL JALIL,

                Defendants.

**COMPLAINT**

**AND JURY DEMAND**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff Mohammed Rana, by and through his attorneys, Sapir Schragin LLP, for his Complaint against Defendants alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff worked for Defendant Rani Mahal Fine Indian Cuisine, Inc., a restaurant located in Mamaroneck, NY (hereinafter "Rani Mahal" or the "Restaurant") since it opened in 2007 through March 7, 2022. Despite being given the title of "Manager," he was, in fact, a waiter and performed exclusively non-exempt duties.

2. From January 1, 2016, through December 30, 2018, Plaintiff worked approximately 60 hours per week and was paid approximately $700 per week. From December 31, 2018, through March 15, 2020, Mr. Rana worked approximately 60 hours per week and was paid $750 per week. From March 16, 2020, when restaurant businesses in New York City stopped indoor dining because of the Covid-19 pandemic, Mr. Rana's hours were slightly reduced, and he worked 54 hours per week through September 20, 2020. He still received $750 per week in pay. From

September 21, 2022 through January 31, 2022, his hours remained the same (54 hours per week), but his pay was raised to approximately $817.50 per week.

3. Plaintiff was not paid the overtime wages to which he was entitled in violation of the Fair Labor Standards Act (FLSA) and the New York State Labor Law, Article 19, §§ 650 *et seq.*, and the applicable regulations of the New York State Department of Labor, 12 N.Y.C.R.R. Part 142.

4. Mr. Rana's shifts were always spread over more than 10 hours per day, but Defendants did not pay him the legally required "spread of hours" premium.

5. For the period from December 31, 2019, through March 15, 2020, Defendants also failed to pay Mr. Rana the Westchester County minimum wage.

6. In addition, Defendants confiscated tips from Mr. Rana in blatant violation of the FLSA and the NYSLL.

7. Defendants also failed to maintain required time records for Plaintiff and failed to give him the "pay stub" notices required by NYSLL §195(3).

8. Defendants' actions, as described above, were done willfully and intentionally to benefit Defendants at the expense of Plaintiff and to hide the facts and to deceive and cheat Plaintiff out of wages lawfully due to him.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the claims are brought pursuant to a federal statute, FLSA, 29 U.S.C. § 216(b).

10. The Court has supplemental jurisdiction over the NYSLL claims pursuant to 28 U.S.C. § 1367(a) because the NYSLL claims are so closely related to the FLSA claims that they form the same case or controversy under Article III.

11. Venue is proper in the Southern District of New York because Plaintiff worked for Defendants in Mamaroneck, New York, in Westchester County and within the Southern District of New York. Defendants conduct business in this District, and the acts and omissions giving rise to the claims alleged took place in this District.

## THE PARTIES

12. Plaintiff Mohammed Rana resides in Mamaroneck, New York. He was employed by Defendants at the Mamaroneck Restaurant from approximately 2007 through March 2022 as a waiter. At all times. Plaintiff was engaged in commerce or the production of goods for commerce.

13. At all relevant times, Plaintiff was an "employee" within the meaning of the FLSA and the NYSLL.

14. Upon information and belief, Defendant Abdul Jalil resides at 31 South Stone Avenue in Elmsford, New York.

15. Defendant Rani Mahal Fine Indian Cuisine, Inc. is a domestic business corporation registered to do business in the State of New York with its principal place of business in Mamaroneck, New York, Westchester County. At all relevant times, Defendant Rani Mahal Fine Indian Cuisine, Inc. had more than two (2) employees and grossed more than $500,000 in annual sales during the relevant time period.

16. At all relevant times, Abdul Jalil was the owner of, or principal in, Defendant Rani Mahal Fine Indian Cuisine, Inc., the entity which owns the restaurant Rani Mahal Fine Indian Cuisine in Mamaroneck, NY.

17. At all relevant times, Defendant Abdul Jalil managed the Restaurant, and was responsible for hiring and firing employees for the Restaurant, including Plaintiff; supervising and controlling employee work schedules and conditions of employment, including those of Plaintiff;

establishing restaurant policies and procedures; determining the rate and method of wage payments to employees, including Plaintiff; providing legally required notices, which was not done in the case of Plaintiff; maintaining employee records, including time records, which was also not done in the case of Plaintiff; and maintaining all appropriate business records.

18. At all relevant times, each Defendant was an "employer" within the meaning of the FLSA and the NYSLL.

19. Plaintiff intends to hold the individual defendant, as the owner of Defendant Rani Mahal Fine Indian Cuisine, Inc., and as Plaintiff's employer, liable for the unpaid minimum and overtime wages, any other unpaid wages, and penalties owed to Plaintiff, pursuant to the NYSLL.

## STATEMENT OF FACTS

20. Plaintiff Mohammed Rana was employed by Defendants from approximately 2007 through March 7, 2022.

21. Plaintiff was employed as a waiter and performed the exclusively non-exempt duties of waiting tables, serving food, answering the phone for take-out orders, packaging food for take-out, delivering food, bussing tables, and cleaning the restaurant, inside and outside. Despite this, he was given the title of "Manager".

22. Plaintiff worked 6 days a week. Prior to the Covid-19 pandemic, his schedule was as follows: Monday, Wednesday, Thursday, Friday, Saturday and Sunday 10:00a.m. to 3:00p.m. and 5:30 to 10:00p.m. That meant that Plaintiff typically worked 60 hours per week. After business got slower in March 2020, his schedule was as follows: Monday, Wednesday, Thursday, Friday, Saturday and Sunday 10:00a.m. to 2:30p.m. and 5:30 to 9:30p.m. That meant that Mr. Rana typically worked 54 hours each week.

23. From January 1, 2016, through December 30, 2018, Plaintiff was paid $700 each week in a combination of payroll checks and personal checks or cash from the Restaurant and/or Defendant Jalil.

24. From December 31, 2018, through December 30, 2019, Plaintiff was paid $750 each week in a combination of payroll checks and personal checks or cash from the Restaurant and/or Defendant Jalil.

25. From December 31, 2019, through March 15, 2020, Plaintiff was paid $750 each week in a combination of payroll checks and personal checks from the Restaurant and/or Defendant Jalil. When divided by the number of hours he was working per week (60), this equals $12.50 per hour, which is below the Westchester minimum wage of $13.00.

26. From March 16, 2020, through September 20, 2020, Plaintiff was paid $750 each week in a combination of payroll checks and personal checks or cash from the Restaurant and/or Defendant Jalil.

27. From September 21, 2020, through December 30, 2020, Plaintiff was paid approximately $817.50 each week in a combination of payroll checks and personal checks or cash from the Restaurant and/or Defendant Jalil.

28. From December 31, 2020, through December 30, 2021, Plaintiff was paid approximately $817.50 each week in a combination of payroll checks and personal checks or cash from the Restaurant and/or Defendant Jalil.

29. From December 31, 2021, through January 31, 2022, Plaintiff was paid approximately $817.50 each week in a combination of payroll checks and personal checks or cash from the Restaurant and/or Defendant Jalil.

30. Defendants never paid him any overtime wages at time and a half for the hours he worked in each work week in excess of 40 hours.

31. As stated above, Mr. Rana worked approximately 54-60 hours per week, far in excess of a 40-hour work week.  He is, therefore, owed overtime wages for 14-20 hours each week during his employment with Defendants.

32. Mr. Rana's job duties were waiting tables, serving food, answering the phone for take-out orders, packaging food for take-out, delivering food, bussing tables, and cleaning the restaurant, inside and outside.  Despite being given the title of "Manager," he had no managerial or supervisory duties or other discernible exempt duties.  He was a non-exempt employee entitled to the payment of overtime wages under the FLSA and the NYSLL.

33. Defendants never gave Mr. Rana the pay stub notice required by NYSLL §195(3).

34. Defendants did not maintain timekeeping records for Mr. Rana as required by the NYSLL and applicable regulations.

35. Defendants' violations as described above, in failing to pay minimum wages or overtime wages due to Plaintiff, or to pay spread of hours wages, were willful and without good faith or a reasonable basis to believe that such failures were lawful.  Defendants' unlawful conduct was intended to benefit themselves to the detriment of and at the expense of Plaintiff.  At all times, Defendants' conduct was willful and intended to hide the facts to deceive and defraud Plaintiff out of wages lawfully due to him.

36. Furthermore, Defendants' conduct, in failing to maintain a timekeeping system or time records for any of Plaintiffs was willful and intended to hide the facts and to deceive and cheat Plaintiff out of wages lawfully due to him.

37. Similarly, Defendants' conduct in failing to provide Plaintiff the pay stub notices required by NYSLL §195(3) was willful and intended to hide the facts and to deceive and cheat Plaintiff out of wages lawfully due to him.

38. As a result of Defendants' willful violations of the FLSA and the NYSLL, Plaintiff suffered damages by being denied overtime wages, spread of hours pay, and by Defendants' failures to maintain required records and to provide legally required notices.

### FIRST CAUSE OF ACTION
### Failure to Pay Overtime Wages in Violation of the FLSA

39. Plaintiff realleges and incorporates by reference all allegations in the paragraphs above as if set forth herein.

40. At all relevant times, Plaintiff was an employee, and Defendants were employers within the meaning of the FLSA.

41. The overtime wage provisions of the FLSA apply to Defendants.

42. During his employment with Defendants, Plaintiff was a non-exempt employee entitled to overtime compensation under the FLSA. Plaintiff routinely worked more than 40 hours each workweek, his hours ranged from 54-60 hours per week. Plaintiff was not paid the required overtime rate of pay for the hours he worked in excess of 40 in a workweek.

43. During the course of the Plaintiff's employment, Defendants knowingly failed to pay him at one and one-half times his regular rate of pay for all hours worked in excess of 40 hours per week, in violation of 29 U.S.C. § 207(a).

44. Defendants' violations of the FLSA's overtime wage requirements were willful, in violation of prevailing law, and engaged in with reckless disregard of Plaintiff's rights.

45. As a result of Defendants' failure to pay required overtime wages, Plaintiff is entitled to unpaid wages, liquidated damages, and attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### Illegal Withholding of Tips in Violation of the FLSA

46. Plaintiff realleges and incorporates by reference all allegations in the paragraphs above as if set forth herein.

47. Defendants kept and retained Plaintiff's tips in violation of the FLSA 29 U.S.C. §203(m)(2)(B) and accompanying regulations 29 C.F.R. §531.52.

48. As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled recover his unpaid compensation, liquidated damages, interest, and attorneys' fees and costs.

## THIRD CAUSE OF ACTION
### Failure to Pay Minimum Wages in Violation of the NYSLL

49. Plaintiff realleges and incorporates by reference all allegations in the paragraphs above as if set forth herein.

50. At all relevant times, Plaintiff was an employee, and Defendants were employers within the meaning of the NYSLL.

51. The minimum wage provisions of Article 19 of the NYSLL and the supporting regulations apply to Defendants.

52. For the period from December 31, 2019, through March 15, 2020, Plaintiff worked approximately 60 hours per week and was paid $750.00 per week, which equals an hourly wage of $12.50 per hour. During this period, the Westchester County minimum wage was $13.00, and as such, Defendants failed to pay Plaintiff the minimum wage for all of the hours Plaintiff worked during this time.

53. Defendants' violations of the NYSLL's minimum wage requirements were willful, without good faith or a reasonable basis to believe that the failure to pay minimum wages was lawful, in violation of prevailing law, and engaged in with reckless disregard of Plaintiff's rights.

54. As a result of Defendants' willful violations of the NYSLL, Plaintiff has suffered damages by being denied minimum hourly wages.

55. As a result of Defendants' failure to pay required minimum hourly wages, Plaintiff is entitled to unpaid wages, liquidated damages, interest, and attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
### Failure to Pay Overtime Wages in Violation of the NYSLL

56. Plaintiff realleges and incorporates by reference all allegations in the paragraphs above as if set forth herein.

57. During his employment with Defendants, Plaintiff was a non-exempt employee entitled to overtime compensation under the NYSLL. Plaintiff routinely worked more than 40 hours each workweek: his hours ranged from 54-60 per week. Plaintiff was paid the required overtime rate of pay for the hours he worked in excess of 40 in a workweek.

58. During the course of Plaintiff's employment, Defendants knowingly failed to pay him at one and one-half times his regular rate of pay or at one and one-half times the state hourly minimum wage (whichever was greater) for all hours worked in excess of 40 hours per week, in violation of the NYSLL.

59. By intentionally treating Plaintiff as an exempt employee and failing to pay him overtime wages for the hours he worked in excess of 40 hours per week, Defendants willfully violated NYSLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

60. Defendants' violations of the NYSLL's overtime wage requirements were willful, without good faith or a reasonable basis to believe that the failure to pay overtime wages was lawful, in violation of prevailing law, and engaged in with reckless disregard of Plaintiff's rights.

61. As a result of Defendants' willful violations of the NYSLL, Plaintiff suffered damages by being denied overtime wages.

62. As a result of Defendants' failure to pay required overtime wages, Plaintiff is entitled to unpaid wages, liquidated damages, interest, and attorneys' fees and costs.

## FIFTH CAUSE OF ACTION
### Illegal Withholding of Tips in Violation of the NYSLL

63. Plaintiff realleges and incorporates by reference all allegations in the paragraphs above as if set forth herein.

64. Defendants retained Plaintiff's tips in violation of NYSLL §196-d.

65. As a result of Defendants' willful violations of the NYSLL, Plaintiff is entitled to recover his unpaid compensation, liquidated damages interest, and attorneys' fees and costs.

## SIXTH CAUSE OF ACTION
### Failure to Pay Spread of Hours Wages in Violation of NYSLL

66. Plaintiff realleges and incorporates by reference all allegations in the paragraphs above as if set forth herein.

67. At all relevant times, Plaintiff was an employee and Defendants were employers within the meaning of the NYSLL.

68. Throughout his employment with Defendants, Plaintiff worked a daily spread of hours that exceeded 10 hours in a day. Prior to the Covid-19 pandemic, he worked Monday, Wednesday, Thursday, Friday, Saturday, and Sunday from 10:00 a.m. to 3:00 p.m. and from 5:00 p.m. to 10:00 p.m. After business slowed down in March 2020, his shifts were as follows: Monday, Wednesday, Thursday, Friday, Saturday, and Sunday from 10:00 a.m. to 2:30 p.m. and from 5:00 p.m. to 9:30 p.m. As such, before the Covid-19 pandemic his shifts were spread over a 12-hour period, and since the onset of the pandemic they were spread over an 11.5-hour period.

69. Under the NYSLL, an employer must pay an employee who works more than 10 hours in one day an additional hour of pay at the minimum wage rate – a "spread of hours" premium. 12 N.Y.C.R.R. § 142-2.4.

70. Plaintiff was required to be paid one additional hour of pay at the minimum wage rate for every day he worked more than 10 hours, either in a spread of hours or in a split shift.

71. Defendants' conduct, as described herein, constitutes a willful violation of the NYSLL without a good faith or reasonable basis to believe that the failure to pay spread of hours wages was lawful.

72. Due to Defendants' willful violations of the NYSLL, Plaintiff is entitled to recover his unpaid spread of hours wages, liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

## SEVENTH CAUSE OF ACTION
### Failure to Provide Wage Statements Required by NYSLL

73. Plaintiff realleges and incorporates by reference all allegations in the paragraphs above as if set forth herein.

74. At all relevant times, Plaintiff was an employee, and Defendants were employers within the meaning of the NYSLL.

75. On every payday, New York employers are required to give each employee a statement of wages, or a "pay stub" that contains specific information concerning their wages and deductions. NYSLL § 195(3).

76. Defendants never provided Plaintiff with a statement of wages with each payment of wages as required by NYSLL § 195(3). Rather, Defendants paid Plaintiffs in partly by payroll check, partly by personal check, and partly by cash, with no accounting of the hours he had worked, his hourly rates, deductions, or any other required information.

77. As a result of their failure to provide the notice and information required by NYSLL § 195(3), Defendants are liable to each Plaintiff in the amount of $5,000.00, together with costs and attorney's fees.

### EIGHTH CAUSE OF ACTION
### Failure to Maintain Records as Required by NYSLL

78. Plaintiff realleges and incorporates by reference all allegations in the paragraphs above as if set forth herein.

79. At all relevant times, Plaintiff was an employee, and Defendants were employers within the meaning of the NYSLL.

80. At all relevant times, Defendants were required to establish, maintain and preserve for 6 years, contemporaneous, true accurate payroll records for Plaintiff for each week he worked, his hours worked, the rate of pay, gross wages, deductions and other pertinent information. NYSLL § 661.

81. Upon information and belief, Defendants knowingly and willfully failed to maintain any of the records required by NYSLL § 661. In the absence of such records, Plaintiff is entitled to the presumption that his claims as to the number of hours they worked and the wages he was paid are true and accurate.

**WHEREFORE**, Plaintiff prays for the following relief:

A. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA and the NYSLL and supporting New York State Department of Labor regulations;

B. An award of unpaid overtime wages and an additional equal amount as liquidated damages pursuant to the FLSA;

C. An award in the amount of tips unlawfully withheld from Plaintiff in violation of the FLSA;

D. An award of unpaid minimum wages and an additional equal amount as liquidated damages pursuant to NYSLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations;

E. An award of unpaid overtime wages and an additional equal amount as liquidated damages pursuant to NYSLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations;

F. An award in the amount of tips unlawfully withheld from Plaintiff in violation of the NYSLL;

G. An award of damages to Plaintiff for Defendants' failure to provide the statement of wages required by NYSLL § 195(3);

H. An award of spread of hours pay to Plaintiff for each day he was forced to work a spread of more than 10 hours; and an additional equal amount as liquidated damages pursuant to NYSLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations;

I. An award of pre-judgment interest to Plaintiff;

J. An award of his reasonable attorneys' fees and costs incurred in this action, including but not limited to any expert fees; and

K. An award of such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues in this action properly triable before a jury.

Dated: White Plains, New York
February 27, 2023

                                          **SAPIR SCHRAGIN LLP**

By: _____
Howard Schragin, Esq.
399 Knollwood Road, Suite 310
White Plains, New York 10603
(914) 328-0366
(914) 682-9128 (fax)
hschragin@sapirschragin.com
*Attorneys for Plaintiff*