UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MOHAMMED RANA,
               Plaintiff,

v.

RANI MAHAL FINE INDIAN CUISINE, INC.
and ABDUL JALIL,
               Defendants.
--------------------------------------------------------------x

**ORDER**

23 CV 1738 (VB)

8/14/23

      On August 8, 2023, plaintiff Mohammed Rana in this Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") case filed a settlement agreement (Doc. #16-1) and a statement explaining the basis for the agreement (Doc. #16) as required by Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

      In reviewing the proposed settlement agreement, the Court has considered the following factors:

      (i)     of the $75,000 settlement amount to be paid to plaintiff, $24,898.01 is attributed to plaintiff's FLSA claims and another $24,898.01 is attributed to plaintiff's non-wage-and-hour claims;

      (ii)    plaintiff's position that the best possible recovery on his FLSA and NYLL claims, assuming all disputed facts are resolved in plaintiff's favor, would be $179,190.20, and that the $49,796.02 net settlement amount is a reasonable outcome (Doc. #16 at ECF 3–4);

      (iii)   the existence of a bona fide dispute regarding plaintiff's alleged exempt status under the FLSA during his employment by defendants and the number of overtime hours worked;

      (iv)   all parties are represented by counsel;

      (v)    the settlement was reached with the assistance of a neutral mediator;

      (vi)   the parties' desire to resolve this action early and avoid the costs and uncertainty associated with drawn-out litigation;

      (vii)  plaintiff no longer works for defendants;

      (viii) the release is limited to employment-related claims accruing before plaintiff executed the settlement agreement; and

      (ix)   the absence of a confidentiality or non-disparagement clause in the settlement agreement.

1

Based on the foregoing, the Court finds the settlement agreement is fair and reasonable, and the product of arm's-length negotiation, not fraud or collusion.

Additionally, the Court finds the attorney's fees, which is one-third the gross settlement amount, in addition to reimbursement of costs, to be fair and reasonable under the circumstances.

## CONCLUSION

Accordingly, the parties' settlement agreement is APPROVED.

The Clerk is directed to close this case.

Dated: August 14, 2023
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge